## Katie FRENCH v. STATE.

No. 14814.

Court of Criminal Appeals of Texas.

Jan. 20, 1932.

Aaron Sturgeon, of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being assessed at confinement in the penitentiary for two years.

Appellant has filed her affidavit advising this court that she no further desires to prosecute her appeal.

At her request, the appeal is dismissed.

## Loyce GOOCH, Appellant, v. STATE of Texas, Appellee.

No. 14802.

Court of Criminal Appeals of Texas.

Jan. 27, 1932.

Kirby, King & Overshiner, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for driving an automobile while intoxicated; punishment, ninety days in the county jail and a fine of $100.

No brief is on file for appellant. Appellant was charged with operating an automobile upon a public street, to wit, Chestnut street, within the limits of the incorporated city of Abilene, while intoxicated and under the influence of intoxicating liquor. A number of witnesses for the state testified that they saw appellant driving a car on Chestnut street in Abilene, and that he was intoxicated at the time. Other witnesses testified that they had seen appellant quite recently before the time, as estimated by them, of such driving, and that he was not intoxicated. In such case we uniformly decline to disturb the verdict of the jury whose duty and place it is to pass upon the credibility of the witnesses and the weight to be given their testimony.

We find only one bill of exception in the record presenting the alleged error of the court in declining to grant a continuance. The record fails to disclose diligence on the part of appellant, and in fact negatives diligence. No process, or the applications therefor, are attached to the motion for continuance. While it is stated in the application that subpœnaes were issued for the witnesses, there is no statement as to when or how long after the issuance of such process same was delivered to an officer for execution. The trial of appellant seems to have taken place on March 27, 1931. It is stated in the application for continuance that the process issued was made returnable March 23, 1931. No alias process appears to have been sought at any time. No affidavit of any of the witnesses was attached to the motion for new trial.

The judgment will be affirmed.

## Nathan HELTON v. STATE.

No. 15018.

Court of Criminal Appeals of Texas.

Jan. 13, 1931.

George L. Huffman, of Marshall, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The record contains neither statement of facts nor bills of exception. In all matters of procedure, the law appears to have been followed.

No error appearing, the judgment will be affirmed.